UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Abianna Collins *o/b/o* J.T.C.,

                              Plaintiff,

      v.

Commissioner of Social Security,

                              Defendant.

**Decision and Order**

18-CV-6795 HBS
(Consent)

---

**I. INTRODUCTION**

The parties have consented to this Court's jurisdiction under 28 U.S.C. § 636(c). The Court has reviewed the Certified Administrative Record in this case (Dkt. No. 8, pages hereafter cited in brackets), and familiarity is presumed. This case comes before the Court on cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. Nos. 12, 13.) In short, plaintiff is challenging the final decision of the Commissioner of Social Security (the "Commissioner") that claimant JTC, a minor under 18 years of age, was not entitled to Supplemental Security Income under Title XVI of the Social Security Act. The Court has deemed the motions submitted on papers under Rule 78(b).

**II. DISCUSSION**

"The scope of review of a disability determination . . . involves two levels of inquiry. We must first decide whether HHS applied the correct legal principles in making the determination. We must then decide whether the determination is supported by substantial evidence." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987) (internal quotation marks and citations omitted). When a district court reviews a denial of benefits, the Commissioner's findings as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). Substantial evidence is defined as

"'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999).

The substantial evidence standard applies to both findings on basic evidentiary facts, and to inferences and conclusions drawn from the facts. *Stupakevich v. Chater*, 907 F. Supp. 632, 637 (E.D.N.Y. 1995); *Smith v. Shalala*, 856 F. Supp. 118, 121 (E.D.N.Y. 1994). When reviewing a Commissioner's decision, the court must determine whether "the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner. *Winkelsas v. Apfel*, No. 99-CV-0098H, 2000 WL 575513, at *2 (W.D.N.Y. Feb. 14, 2000). In assessing the substantiality of evidence, the Court must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Briggs v. Callahan*, 139 F.3d 606, 608 (8th Cir. 1998). The Court may not reverse the Commissioner merely because substantial evidence would have supported the opposite conclusion. *Id.*

Individuals under 18 years old are considered disabled when the individual "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(C)(i). There is a three-step process that is used to determine whether a child is disabled under the Social Security Act. *See* 20 C.F.R. § 416.924.

The first step requires the Administrative Law Judge ("ALJ") to determine whether the child is engaged in "substantial gainful activity." *See* 20 C.F.R. § 416.924. The second step requires the ALJ to determine whether the child has any severe impairment, defined as anything that causes

"more than minimal functional limitations." *Id.* Finally, the ALJ determines whether the child's impairment or combination of impairments meets, medically equals, or functionally equals the severity of a listed impairment. *Id.* If the ALJ finds that the child's impairment or combination of impairments meets or equals a listing, the child is considered disabled. 20 C.F.R. §§ 416.924(d)(1).

Alternatively, if the ALJ determines that the child's impairment or combination of impairments does not meet or medically equal a listing, the ALJ then must assess functional equivalence to a listing in terms of six domains:

1. Acquiring and using information;

2. Attending and completing tasks;

3. Interacting and relating with others;

4. Moving about and manipulating objects;

5. Caring for yourself; and

6. Health and physical well-being.

20 C.F.R. § 416.926(a),(b)(1). A child is classified as disabled if the child has a "marked" limitation in any two domains of functioning or an "extreme" limitation in any one domain. 20 C.F.R. §§ 416.926a(d). A "marked" limitation is when the impairment or cumulative effect of the impairments "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). An "extreme" limitation "interferes very seriously" with that ability. 20 C.F.R. § 416.926a(e)(3)(i).

Of the various issues that plaintiff has raised, the issue of missing records draws the Court's immediate attention. "The ALJ has an obligation to develop the record in light of the non-adversarial nature of the benefits proceedings, regardless of whether the claimant is represented by counsel." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (citations omitted). Failure to develop a

full record can lead to remand. *See Rosa v. Callahan*, 168 F.3d 72, 80 (2d Cir. 1999). In the specific instance of school records, the failure to make reasonable efforts to obtain updated school records is cause for remand. *Love v. Colvin*, No. 15-CV-00673-HBS, 2016 WL 4086948, at *4 (W.D.N.Y. Aug. 2, 2016); *see also Cespedes v. Barnhart*, No. 00-CV-7276-GEL, 2002 WL 1359728 at *4-5 (S.D.N.Y. June 21, 2002) (ALJ is required to make reasonable efforts to obtain updated school records, especially when the plaintiff is appearing *pro se*, and failure to do so is cause for remand); *McClain v. Apfel*, No. 99 Civ. 3236 VM JCF, 2001 WL 66403, at *9–10 (S.D.N.Y. Jan. 26 2001) (ALJ failed to update records which led to him relying on information from when the child was four years old even though the opinion issued when the child was 8, which was cause for remand).

Here, plaintiff's counsel disclosed at the hearing that JTC has either a counselor or a therapist at her school—or possibly both; the transcript of the hearing does not make clear whether the references to a "counselor" and a "therapist" were references to the same person. [60.] Plaintiff's counsel mitigated the issue somewhat by telling the ALJ that "the overall picture is reflected in the current school records that we do have and the evaluations." [61.] Nonetheless, the Commissioner does not appear to have made any effort to identify the counselor/therapist or to have made any initial attempt to obtain the missing records. *Cf. Price ex rel. A.N. v. Astrue*, 42 F. Supp. 3d 423, 433 (E.D.N.Y. 2014) (remand required to address "inconsistencies in the scant educational records contained within this record"). The absence of the counseling records could affect the analysis in this case. *Cf. McCloud o/b/o T.N.M. v. Comm'r*, No. 17-CV-611 HBS, 2019 WL 2135480, at *2 (W.D.N.Y. May 16, 2019) (remand to obtain missing educational and probation records). The ALJ made findings about JTC's demeanor and about consultative psychological opinions. The Court has no way of assessing whether the weight assigned to those opinions was justified without knowing whether the opinions conflict with the primary clinical notes from any

4

counseling or therapy sessions. *Cf. Caldwell o/b/o J.W. v. Berryhill*, No. 1:15-CV-00613-MAT, 2018 WL 1081009, at *3 (W.D.N.Y. Feb. 28, 2018) ("The ALJ's error also plainly was not harmless. Indeed, significant portions of the ALJ's analysis, including his assessment of Plaintiff's and Claimant's credibility, relied on the absence of educational records. These conclusions might well have been changed had the ALJ properly sought out Claimant's educational records.") (citation omitted). Under these circumstances, a remand will allow the ALJ to obtain and to review all of the counseling records to develop a full picture of JTC's academic and behavioral issues.

In ordering remand, a few points are in order. The Court takes no position on any of the other issues that plaintiff has raised, and the Commissioner is free to review those issues as might be appropriate. The Court also will not address the Commissioner's argument that plaintiff's ultimate burden to establish disability somehow relieved the agency of any duty even to make initial contact to obtain the counseling records. *Cf. Rodriguez o/b/o C.W. v. Comm'r*, No. 18-CV-295S, 2019 WL 4783850, at *4 (W.D.N.Y. Oct. 1, 2019) ("Although it was permissible for the ALJ to first put Plaintiff's counsel to the task of securing the remand [school counseling] records, it was nonetheless the ALJ's ultimate obligation to ensure that those records were obtained and considered in compliance with the remand order.") (citation omitted). *Compare Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) ("The ALJ has an obligation to develop the record in light of the non-adversarial nature of the benefits proceedings, regardless of whether the claimant is represented by counsel.") (citations omitted) *with Jordan v. Comm'r*, 142 F. App'x 542, 543 (2d Cir. 2005) (summary order) ("Although the ALJ did not contact or obtain records from Dr. Arena, a treating physician whom Jordan mentioned at his hearing: [i] Jordan's counsel volunteered to secure Dr. Arena's records; [ii] the ALJ kept the record open to allow counsel to do so, and later contacted counsel to remind him that no evidence had been received and that a decision would be made on the existing record unless

5

such evidence was timely submitted; [iii] counsel subsequently contacted the Social Security Administration to advise it that Jordan had 'nothing further to add' to the record; and [iv] Jordan did not request the ALJ's assistance in contacting or securing evidence from Dr. Arena. Under these circumstances, we cannot say that the ALJ failed to discharge his duty to develop the record.") *and Blackman v. Berryhill*, No. 1:16-CV-00869-HBS, 2018 WL 3372963, at *4 (W.D.N.Y. July 11, 2018) ("Furthermore, the Second Circuit has held that an ALJ fulfilled his duty to develop the record where, although the ALJ did not contact the physician whose records were absent, claimant's counsel accepted responsibility to obtain missing records and the ALJ left the record open to allow counsel to do so.") (citing *Jordan*).

### III. CONCLUSION

For the above reasons, the Court denies the Commissioner's motion (Dkt. No. 13). The Court grants plaintiff's cross-motion (Dkt. No. 12) in part to vacate the Commissioner's final decision and to remand the matter for further proceedings consistent with this Decision and Order. The Court denies plaintiff's cross-motion to the extent that it seeks any other relief.

The Clerk of the Court is directed to close the case.

SO ORDERED.

                                                    __/s Hugh B. Scott_____
                                                    Hon. Hugh B. Scott
                                                    United States Magistrate Judge

DATED: March 19, 2020